BLACKINTON (SIMMONS v.). See Case No. 12,866.

BLACKLOCK (BOWIE v.). See Case No. 1,729.

BLACKLOCK (UNITED STATES v.). See Case No. 14,604.

BLACKMAN (FILKINS v.). See Case No. 4,786.

## Case No. 1,471.

BLACKMAN et al. v. HIBBLER et al.

[17 Blatchf. 333; 4 Ban. & A. 641; 17 O. G. 107; Merw. Pat. Inv. 209; 25 Int. Rev. Rec. 394; 10 Reporter, 257.][1]

Circuit Court, E. D. New York. Dec. 5, 1879.

PATENTS—IMPROVEMENTS IN LAMPS—REISSUE—COMBINATION—SUBSTITUTION.

1. The re-issued letters patent No. 7,417, granted to Ebenezer Blackman, December 5th, 1876, for improvements in lamps for burning coal oil, on the surrender of original letters patent No. 123,325, granted to said Blackman February 6th, 1862, are invalid, as respects claims 1, 2, 4 and 5.

2. The claims of the re-issue are not for the same invention described in the original patent.

3. The specification of the original patent describes the invention as the use, only in combination, of a glass chimney base and a mica chimney top, and does not suggest the use of the base as a separate device. Therefore,

all claims, in the re-issue, to the use of the base by itself, are invalid.

[See Gill v. Wells, 22 Wall. (89 U. S.) 1; Washburn & M. Manuf'g Co. v. Fuchs, 16 Fed. 661; Flower v. City of Detroit, 22 Fed. 292.]

4. Claims 1, 2, 4 and 5 of the re-issue are void for want of novelty.

[In equity. Bill by Ebenezer Blackman and others against Joseph H. Hibbler and others for infringement of letters patent No. 123,325, granted February 6, 1862, to said Blackman, and re-issued December 5, 1876, by the No. 7,417. Bill dismissed.]

Erastus New, for plaintiffs.
C. H. Watson, for defendants.

BENEDICT, District Judge. This is a suit in equity brought to obtain an injunction, and to recover damages, for an alleged infringement by the defendants of a patent re-issued to Ebenezer Blackman, December 5th, 1876, known as re-issue No. 7,417. The invention is stated in this re-issue to be "a glass base for coal oil burners, so constructed as to fit on a lamp or burner, in a manner similar to ordinary glass chimneys, and having a laterally projecting flange or rim, to support a chimney or reflector; also, in the combination of said base with a coal oil burner; and, also, the combination of said base with a burner and a chimney or reflector, as hereinafter more fully explained." Accompanying this description are drawings showing the base of a lamp chimney from various points of view. The inventor disclaims a chimney base incapable of transmitting light through it, and without such a tubular body as is required to support it on a coal oil lamp and to direct the current of air to the flame. Of the six claims in this re-issue, only the 1st, 2d, 4th and 5th need be mentioned here, those being the claims alleged to have been infringed by the defendants. The first claim is as follows: "A glass base for coal oil burners, constructed with a tubular body to fit around the cone or burner, and having a laterally projecting flange, substantially as and for the purpose set forth." The second claim is as follows: "A glass base having the contraction, I, and the laterally projecting flange h, substantially as described." The fourth claim is as follows: "A transparent base for a coal oil lamp chimney, having a tubular body of suitable form and length to fit and support it on the lamp, and having a laterally projecting flange, h, substantially as described." The fifth claim is as follows: "The combination of a transparent base, having a tubular body, B, of suitable form and length to adapt it to be used on a coal oil lamp, and a laterally projecting flange, h, with a chimney, substantially as described." In regard to these claims it is to be observed, that the first, second and fourth are each for a contrivance variously styled a "glass base for coal oil burners," a "glass base" and a

"transparent base for a coal oil lamp chimney," but more properly styled a chimney base, capable of use only when forming a part of a lamp chimney. The fifth claim is for a combination consisting of two elements —one, a chimney base, as described, the other, a chimney top of any form.

The first question presented is, whether these claims are for the same invention described in the original patent; for, if not, they are void and afford no cause of action to the plaintiffs. An examination of the terms of the original patent, therefore, becomes necessary. The original patent was issued to Ebenezer Blackman, February 6th, 1862 [1872],[2] and is known as original patent No. 123,325. The specification of that patent gives, first, a description of what is styled the "chimney proper," elsewhere styled by the inventor "the body of the chimney," and by his counsel, on this argument, the "top piece," but what would be accurately styled a "chimney top." This chimney proper, top piece or chimney top is described as constructed of two sheets of mica whose vertical edges are united by a metal strip, and then bent so as to form a tube, and having at the bottom projections, whereby, as the patent states, "to fasten the mica chimney (top) securely to the glass base." Next follows a description of the chimney base, "that is to say, its upper portion is made of a suitable size and form to fit the chimney (top) and its lower portion to fit the lamp, and between the upper and lower portion it is contracted by an external groove, the upper portion flaring or inclined outward." Then follows this significant statement: "In use, the chimney and base are intended to remain united, the whole being put on or taken off together." Two claims follow: "First. A lamp chimney, consisting of sheets of mica united by means of the double and indented or perforated metal strips, b, and provided with means for attaching it to the base, B, substantially as described. Second. A glass base, B, having the contraction, I, and the flaring top, h, constructed and arranged to operate substantially as set forth." It will be observed, from this statement in regard to the original patent. that the thing described in the original specification is a contrivance adapted to produce a draft of air around the flame of a lamp; in other words, a lamp chimney. This contrivance is described by describing first its top and then its base, accompanying the description of the two parts with the statement, that these parts are to remain united, and so form a compound unit, which is the subject of the patent. The subject-matter of the original patent is the contrivance, as a whole, described as, and being in fact, a lamp chimney; or a combination, the elements of which are the glass chimney

base and the mica chimney top therein described. Were it not for the express statement in the original specification to which allusion has been made, and to which the second claim makes special reference, it might, perhaps, be, that the chimney base described could be considered a separate device, or a distinct sub-combination of devices, and so capable of being the subject of a separate claim. But, the specific statement of the patent, that, in use, the base and top are to remain united, the whole being put on or taken off together, forbids the conclusion that the inventor ever conceived the idea of his chimney base as a separate and distinct device. In his mind, the chimney base had no existence except as firmly attached to his mica top, and forming an inseparable part of a mica top lamp chimney. The statement in the specification, therefore, compels a determination that the language used was not intended to suggest, and cannot be held substantially to indicate, that the chimney base is a severable part of the contrivance invented. If to the original specification had been attached a claim for the chimney base, as a distinct invention, capable of use by itself, such a claim obviously would have presented a direct conflict with the statement of the specification, that, in use, the base was to remain united with the mica top. This case, therefore, is not within the rule permitting an inventor to select from the elements of a combination, or from the parts of a machine, described in his specification, a severable and distinct device or sub-combination, capable of use by itself, and substantially indicated in his description, and, by means of a surrender and reissue, secure an exclusive right to such single device; because, this inventor, in his original specification, has been careful to state that the chimney base he describes is not to be used except as united to his mica chimney top, and as an inseparable part of his mica top chimney. I, therefore, understand the subject-matter of the original patent to be either the mica top lamp chimney therein described, or a combination whose elements are the devices employed in the chimney described for the purposes designated. This understanding is not at variance with the claims of the original patent, for, in legal effect, the statement of the specification already alluded to is part of each claim. So far as the second claim is concerned, an intention to have it considered a part of the claim is manifest, for, the claim states, not only that the base is to be constructed as described, but, also, "arranged to operate substantially as set forth," that is to say, always firmly united to the mica top. This understanding of the subject-matter of the original patent is fatal to the validity of the re-issue on which this suit is brought, so far as the claims here involved are concerned. For, these claims cover neither a lamp chimney such as de-

[2] [From 4 Ban. & A. 641, and from 17 O. G. 107.]

scribed in the original patent, nor a combination whose elements are the transparent base and the mica chimney top there described. The 1st, 2d and 4th claims, respectively, are for a chimney base by itself— a thing not to be found in the original, as a distinct severable device; while the 5th claim is for a combination, the elements of which are not to be found substantially suggested or indicated in the original specification.

No adjudged case has been cited, nor am I aware of any case that furnishes authority, to support this re-issue. In Herring v. Nelson [Case No. 6,424], the re-issue was upheld for the reason, as assigned, that "all that has been added is the new claim, which embodies in words that which the specifications and drawings could not fail to disclose to any intelligent examination." Here, the possibility of an examination of the specification disclosing a chimney base as a distinct article or combination is forbidden by the specific statement, that, in use, the base is to remain united with the mica top. The case of Gill v. Wells, 22 Wall. [89 U. S.] 1, is directly in point, upon the fifth claim, which is for a combination whose elements are a chimney base, as described, and any form of chimney top. In the original, if there be any combination described, it is the chimney base combined with the mica chimney top described. The re-issue has, therefore, to say the least, dropped one element from the combination, and put in its place another, not its equivalent, thereby greatly enlarging the scope of the invention.

As sustaining the construction I have placed upon the original patent, reference may be made to the difference between the original specification and the specification of the re-issue. In the original the patentee states, that he has invented "certain improvements in lamp chimneys." In the re-issue the statement is, that he has invented "certain new and useful improvements in bases or supports for lamp chimneys." In the original the invention is said to consist in "a novel construction of a mica lamp chimney and its combination with a glass base." In the re-issue the statement is, that the invention consists of "a glass base for coal oil burners, constructed with a tubular body to fit around the cone or burner, and having a laterally projecting flange, substantially as and for the purpose set forth." The original, describing advantages of the invention, says: "As the air passes the contracted throat, I, and enters the upper portion, it spreads out laterally, and, in connection with the burning oil, produces a very broad, brilliant, and steady flame," thus showing that the two parts were intended to operate as a whole, not otherwise. No such advantage could be secured by the base alone, and, naturally enough, such an advantage is not alluded to in the specification of the re-issue. The re-issue also wholly omits the statement, that,

"in use, the chimney and base are intended to remain united, the whole being put on or taken off together," and inserts this statement, not to be found in the original: "While I have shown a peculiarly constructed chimney as adapted for use in connection with my base, it is obvious other kinds or styles may be used, if preferred." These alterations are suggestive, and go to confirm me in the conclusion that the subject-matter of the re-issue is different from the subject-matter in the original.

It may, also, properly be noticed, that, in a communication to the patent office by the attorneys of the patentee, in regard to this original patent, it is stated, that "the first claim is for his improved mode of securing the mica sheets which constitute the body of the chimney, and the second for his specially constructed glass base, to be used in combination therewith."

It has been contended, in behalf of the plaintiffs, that a chimney top of any description is the equivalent of the mica top piece described in the original patent, and that the subject-matter of the original and of the fifth claim of the re-issue are, therefore, the same. But, evidently, such a mica top piece as the original patent describes has qualities and characteristic features not possessed by all chimney top pieces. It may be that the results accomplished by the use of the top piece of a lamp chimney are, in most respects, the same, whatever be the form of the top piece or the material of which it is constructed. But, the result is not in all respects the same, nor would the statement, that a mica top piece would be of use when firmly attached to the chimney base, necessarily or naturally suggest the use of any form of top piece not so attached, to accomplish the same result; and it has not been shown that any form of top piece was known, at the date of the original patent, as a proper substitute for the mica top piece described in that patent.

These reasons appear to me to require the determination, that the re-issue sued on covers inventions not described in the original patent, and is, therefore, void. But, if not, then the re-issue, so far as the first, second, fourth and fifth claims are concerned, must fail for want of novelty in the invention. The re-issue, in the claims under consideration, covers a transparent chimney base, whose characteristic features are these: (1) a tubular body, for surrounding the cone of a lamp burner and directing the current of air to the flame; (2) a contraction, groove, or indentation in the upper part of such tubular body, for directing the current of air inwards upon the flame; (3) a flange extending laterally from said groove; and (4) a surrounding rim. This invention is plainly anticipated by the invention described in a patent issued to Arnold and Blackman, February 11th, 1868, as well as by the invention described in the patent of Russell

and Clifford, of December 24th, 1867. In each of these prior patents is described a lamp chimney base, made of glass, having a tubular body to place over the burner of a lamp, with a contraction or groove at the upper part, and a laterally projecting flange supporting the chimney top, and these features accomplish the same result that the same features accomplish in the plaintiffs' patent, and in the same way. The only distinction between the prior inventions referred to, and the plaintiffs' invention, is, that, in these prior inventions, the chimney base and chimney top were formed in one piece, while in the plaintiffs' invention the chimney base is by itself. But, no invention was required to conceive the idea that a lamp chimney could be cut in two; nor was the idea of constructing a lamp chimney in two parts new. In Millar's patent of July 21st, 1863, the lamp chimney was constructed in two parts. So, also, it must be said, that no invention was required to conceive the idea of a surrounding rim upon the upper part of the base, for the purpose of maintaining in position the separate top piece. The use of such a rim to accomplish the same result is common.

Not only are the characteristic features of the plaintiffs' chimney base old, but the combination of the tubular body groove and laterally projecting portion above is old. No change in the mode of operation or the result was effected by cutting off the top piece. In use, there must still be a top piece performing the same functions, in connection with the plaintiffs' base, as the top piece does in the prior invention referred to. The mode of operation and the result are, in both cases, the same. Neither do the plaintiffs gain anything from the surrounding rim, which has formed the sole ground for claiming a difference between the invention in the patent sued on and the invention of Arnold and Blackman. No true combination results from the addition of the surrounding rim, for, there is no co-action between the rim and the tubular body. The only function of the rim is to prevent the top piece from slipping. The application of the surrounding rim for the purpose of preventing the top piece from slipping required no invention, and makes a case of juxtaposition, not a new combination.

It thus appears, that, whether the invention claimed in the re-issue be the same as that described in the original or not, it must fail for want of novelty.

The result is, that the bill must be dismissed, with costs.